UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| **LEONARD HOLLINS JR.** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **ZACHARY POLICE DEPARTMENT THROUGH THE CITY OF ZACHARY, AND OFFICER ANTHONY D'ESPOSITO, AND DAVID MCDAVID - CHIEF OF POLICE** | **STATE OF LOUISIANA** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes and appears, **LEONARD HOLLINS JR.**, who is of full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents:

**I.**

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunities secured to the plaintiff by the Fourteenth Amendments to the Constitution of the United States (R.S. 1979, 42 U.S.C. sec. 1983 and sec. 1985), and arising under the law and statues of the State of Louisiana.

**II.**

The jurisdiction of this Court is enveloped under 28 U.S.C. sec. 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom, and usage of a right, privilege, and immunities secured to plaintiff by the

Fourteenth Amendments to the Constitution of the United States. Plaintiff also invokes the pendent jurisdiction of this Court as to state law claims.

### III.

Herein made defendants are:

1. **ZACHARY POLICE DEPARTMENT**, a municipality of the City of Zachary, State of Louisiana;

2. **THE CITY OF ZACHARY**, a governmental division of the State of Louisiana;

3. **OFFICER ANTHONY D'ESPOSITO**, individually and in his capacity as an employee of the Zachary Police Department. Plaintiff is informed and believes that this defendant is a competent major, domiciled in the Parish of East Baton Rouge, who at all times relevant hereto worked at the Zachary Police Department; and

4. **CHIEF OF POLICE DAVID MCDAVID**, in his official capacity as Chief of Police for the City of Zachary in East Baton Rouge Parish, Louisiana. Plaintiff is informed and believes that this defendant is a competent major, domiciled in the Parish of East Baton Rouge, who at all times relevant hereto was elected Chief of Police for the City of Zachary.

### IV.

As stated on the Zachary Police Department Incident Report (Report No. 2000008200), on or about October 4, 2020, **OFFICER ANTHONY D'ESPOSITO** was dispatched to Newell Street near the intersection of Zelmere Street in reference to a suspicious incident.

Upon arrival, **OFFICER ANTHONY D'ESPOSITO** met with the complainant, Jeana Ivy. She stated she resides on April Street and a short while earlier in the day she observed a

white Honda with dark tinted glass stop in front of her residence, lower the window approximately two inches, and appear to be scouting her property. Jeana observed the driver of the vehicle repeat this process at a couple of properties on her street. Jeana found this suspicious and got into her vehicle and followed the Honda to observe the license plate number. She got behind the vehicle on Newell Street, recorded the plate number, and called 911. While on the phone with dispatch, Jeana stated the Honda began following her,

On Newell Street, **OFFICER ANTHONY D'ESPOSITO** stopped a vehicle matching the description and license plate provided by Jeana and encountered the driver, **LEONARD HOLLINS JR**. Leonard stated he was unaware Jeana was following him, and he is merely self-employed as a contractor who matches distressed properties with potential investors. He scouts the distressed properties by cruising through neighborhoods and taking photos. Leonard was cooperative. Further investigation led officers to believe no criminal activity had occurred.

V.

The Zachary Police Department Report (Report No. 2000008200) fails to mention that **OFFICER ANTHONY D'ESPOSITO** handcuffed **LEONARD HOLLINS JR.** after pulling him over and leaving **LEONARD HOLLINS JR.** handcuffed for hours. This amounted to an unreasonable detention and a violation of the 4th amendment of the United States Constitution, as well as acting under the color of law and showing a reckless and callous disregard for the constitutional rights of Leonard Hollins and a violation of 42 U.S.C. 1983.

VI.

The defendants, including Esposito, acted outside the scope of his jurisdiction and without authorization of law, purposely and with specific intent to deprive plaintiff of their rights to:

    A.    Freedom of unreasonable search and seizure;

    B.      Freedom from unlawful arrests without supporting evidence;

    C.      Freedom from illegal detention/imprisonment; and

    D.      Freedom from physical abuse, coercion, and intimidation, and cruel and unusual punishment.

All of these rights are secured to the plaintiff by the provisions of the Fourth, and Eighth Amendment and due process clause of the Fourteenth Amendment to the Constitution of the United States, and by Title 42 U.S.C. sec. 1983 and sec. 1985, and by Title 18 U.S.C. sec. 245 (1968).

### VII.

Each of the defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law, and purposely, with specific intent, committed the following violations of Louisiana state law.

    A.      False imprisonment;

    B.      Assault and battery;

    C.      Intentional infliction of emotional distress; and

    D.      Invasion of privacy;

### VIII.

On or about October 5, 2020, **LEONARD HOLLINS JR.** went to Pointe Coupee General Hospital for treatment of his injuries, including, but not limited to closed injury of radial nerve in his right wrist.

### IX.

The incident was directly and proximately caused by the following acts of negligence of the **ZACHARY POLICE DEPARTMENT** together with other possible acts of negligence

which are unknown to plaintiff at this time, all of which are in violation of the Federal and state laws and ordinances of the city, parish and/or state and which are specifically pleaded herein:

- a) Failure to adequately hire, train or supervise its employees;
- b) Failure to properly train employees on use of force;
- c) Failure to properly train employees on use of handcuffs;
- d) Failure to properly train employees on their constitutional limitations;
- e) Any negligence which may be proven at a trial on the merits.

## X.

At all pertinent times herein, **OFFICER ANTHONY D'ESPOSITO** was a law enforcement officer employed by **ZACHARY POLICE DEPARTMENT** and was acting in the course and scope of his employment with the **ZACHARY POLICE DEPARTMENT**; therefore, **ZACHARY POLICE DEPARTMENT** is also vicariously liable for **OFFICER ANTHONY D'ESPOSITO'S** actions complained of herein.

## XI.

**LEONARD HOLLINS JR.** is legally entitled to recover from the **ZACHARY POLICE DEPARTMENT** all damages caused by the incident, including, but not limited to, the following:

- a) Past and future medical expenses;
- b) Past and future lost wages and/or earning capacity;
- c) Past and future mental pain and suffering;
- f) Loss of enjoyment of life;
- g) Past and future mental anguish and emotional damages;
- h) Punitive Damages;
- i) Attorney fees and,

j) All other damages that may be established at trial.

## XII.

**LEONARD HOLLINS JR.** requests a trial by jury.

**WHEREFORE**, Plaintiff, **LEONARD HOLLINS JR.**, prays that the defendants be cited to appear and answer herein and that on final hearing the Court enter judgment in favor of plaintiff and against defendants, **OFFICER ANTHONY D'ESPOSITO, CHIEF OF POLICE DAVID MCDAVID, THE CITY OF ZACHARY**, for the full sum of plaintiff's damages in such amount as are reasonable in the premises, Punitive damages and attorney fees, together with judicial interest and all costs of court.

Respectfully Submitted:

**/s/Gregory J. Miller**
Gregory J. Miller (#17059)
Miller, Hampton & Hilgendorf
3960 Government St.
Baton Rouge, LA 70806
Phone: (225) 343-2205
Fax: (225) 343-2870
GJM@MLHLAW.COM
*Attorney for Leonard Hollins Jr.*